UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| JOHN JAY POWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 20-cv-3785 (TSC) |
| ) | |
| MICHAEL CARVAJAL *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, seeks a writ of mandamus compelling the Bureau of Prisons to recalculate the duration of his sentences. Defendants have moved to dismiss or for summary judgment. For the reasons explained below, this case will be dismissed for lack of jurisdiction, and Defendants' motion will be DENIED as moot.

**I. BACKGROUND**

**1. Current Litigation**

Plaintiff was "convicted of multiple crimes and sentenced by courts in multiple jurisdictions." *United States v. Powers*, No. 99-cr-253 (RBK), 2021 WL 2850450, at *1 (D.N.J. July 8, 2021); *see* Defs.' Stmt. of Material Facts ¶¶1-5 (listing federal convictions in the Middle District of Florida, Southern District of Indiana, District of New Jersey, and District of Arizona). On December 18, 2020, Plaintiff filed this action while incarcerated at the U.S. Penitentiary in Allenwood, Pennsylvania. On May 4, 2021, Plaintiff was released to a Residential Reentry Center in New Hampshire, Defs.'

1

Reply, ECF No. 19 at 3; ECF No. 15 (change of address notice), and on September 30, 2021, he was released from BOP's custody.  *See* https://www.bop.gov/inmateloc.

Meanwhile, on March 29, 2021, Defendants moved to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure or for summary judgment under Rule 56, ECF No. 12.  In response, Plaintiff withdrew most of his claims, *see* Verified Response to Defs.' Mot., ECF No. 16 at 2, leaving for resolution the alleged miscalculation of his criminal contempt sentence imposed by the Middle District of Florida, Compl. at 3 ¶ 7(b), and the alleged failure of BOP to calculate his time pursuant to the First Step Act of 2018, *id*., ¶ 7(c).[1]  Plaintiff contends that each miscalculation lengthened his sentence, the former by five months and fifteen days and the latter by 70 days.  He seeks an order compelling the BOP Director to (1) "recalculate" his "sentence for criminal contempt" to reflect it in his "Sentence Computation Data records" as "the first sentence imposed," so that it does not run consecutively to other sentences; and (2) "credit" him "with 7 days of good time credits for each of the 10 years of his SRA sentences[.]"  Compl. at 5 ¶ 10.

**2. Prior Litigation**

On February 5, 2019, the U.S. District Court for the District of Colorado denied Plaintiff's petition for a writ of habeas corpus grounded upon BOP's calculation of his criminal contempt sentence, concluding that  pursuant to 18 U.S.C. § 3584(a) "the BOP properly has determined those sentences are consecutive." *Powers v. Stancil*, No. 18-

---

[1] "On December 21, 2018, the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, was enacted," amending in relevant part the good-time credit statute to provide "federal prisoners the possibility of seven additional days of good time credit per year." *Bottinelli v. Salazar*, 929 F.3d 1196, 1197, 1198 (9th Cir. 2019); *see* 18 U.S.C. § 3624(b).

cv-01226-KMT, 2019 WL 10435093, at *3 (D. Colo. Feb. 5, 2019), *aff'd*, 794 Fed. App'x 736 (10th Cir. 2019). On June 28, 2021, the U.S. District Court for the District of New Hampshire dismissed as an abuse of the writ Plaintiff's habeas petition that "again" challenged "the BOP's decision to make his sentence for criminal contempt consecutive to, rather than concurrent with, the sentence for possession of a stolen vehicle." *Powers v. Davies*, No. 21-cv-472-JL, 2021 WL 3571500, at *2 (D.N.H. June 28, 2021), *report and recommendation adopted*, No. 21-CV-472-JL, 2021 WL 3570705 (D.N.H. Aug. 11, 2021).

## II. LEGAL STANDARD

"Federal district courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "Subject-matter jurisdiction can never be waived or forfeited" because it "goes to the foundation of the court's power to resolve a case." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012); *Doe ex rel. Fein v. District of Columbia*, 93 F.3d 861, 871 (D.C. Cir. 1996). Before proceeding to the merits of a claim, a court must satisfy itself that it has subject-matter jurisdiction to consider the claim. *See Brown v. Jewell*, 134 F. Supp. 3d 170, 176 (D.D.C. 2015) (courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party'") (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)).

## III. ANALYSIS

In his "Complaint for Mandamus," ECF No. 1, Plaintiff clearly invokes the Mandamus Act as the sole basis of jurisdiction. *See id.* at 2 ¶ 3 ("This is an action to

3

compel defendants to perform their official and non-discretionary duties and, therefore, this Court has jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1361[.]"). "In recognition of the drastic nature of mandamus, jurisdiction under the statute is exceedingly narrow." *Jory v. Sec'y, U.S. Dep't of Homeland Sec.*, 859 F. Supp. 2d 72, 75 (D.D.C. 2012) (citing *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (en banc)). The Mandamus Act grants district courts "jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is proper only if "(1) the plaintiff has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available to plaintiff." *Fornaro v. James*, 416 F.3d 63, 69 (D.C. Cir. 2005) (quoting *Power v. Barnhart*, 292 F.3d 781, 784 (D.C. Cir. 2002)). Those "three threshold requirements are jurisdictional; unless all are met, a court must dismiss the case for lack of jurisdiction." *Am. Hosp. Ass'n v. Burwell*, 812 F.3d 183, 189 (D.C. Cir. 2016).

Because Plaintiff has an adequate remedy in habeas corpus, this court is deprived of subject-matter jurisdiction. *See Davis v. U.S. Sentencing Comm'n*, 716 F.3d 660, 666 (D.C. Cir. 2013) (A "prisoner must bring his claim in habeas . . . if success on the merits will necessarily imply the invalidity of confinement or shorten its duration.") (internal quotation marks and citation omitted)). That Plaintiff has not prevailed in habeas proceedings, *see supra* at 2-3, does not render the remedy inadequate or ineffective. *See Chatman-Bey v. Thornburgh*, 864 F.2d 804, 806 (D.C. Cir. 1988) "(Because . . . habeas is an available and potentially efficacious remedy, it is clear beyond reasonable dispute that mandamus will not appropriately lie."); *Garris v.*

*Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986) ("It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative[.]"); *Wilson v. Off. of Chairperson, D.C. Bd. of Parole*, 892 F. Supp. 277, 280 (D.D.C. 1995) ("A petitioner may not complain that the remedies provided him . . . are inadequate merely because he was unsuccessful when he invoked them."); *see also LoBue v. Christopher*, 82 F.3d 1081, 1082-84 (D.C. Cir. 1996) (concluding that the district court lacked subject-matter jurisdiction over an action for injunctive and declaratory relief where the habeas remedy was available in the location of the plaintiffs' custodian). Absent subject-matter jurisdiction, the court can proceed no further. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject-matter jurisdiction is lacking); *Lovitky v. Trump*, 949 F.3d 753, 763 (D.C. Cir. 2020) ("when a court lacks subject-matter jurisdiction . . . it has no authority to address the dispute presented") (internal quotation marks, citation and alteration omitted)).

### IV.  CONCLUSION

For the foregoing reasons, this case will be dismissed for want of jurisdiction. A corresponding order will issue separately.

Date:  December 2, 2021

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge